UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANTHONY R. NORMAN,

    Plaintiff,

v().  Case No: 8:23-cv-1844-CEH-TGW

STHIL INCORPORATION, STHIL
SOUTHEAST, INC. and ERIC J.
PARTLOW,

    Defendants.
_____

### ORDER

This matter is before the Court upon review of the file. Proceeding *pro se*,[1] Evanthony R. Norman filed a complaint against Sthil (sic) Incorporation,[2] Sthil (sic) Southeast, Inc. and Eric J. Partlow on August 16, 2023. Doc. 1. Because Plaintiff's Complaint does not set forth the basis of the Court's subject matter jurisdiction, the Court issues this Order to Show Cause. Additionally, the Court notes that Plaintiff has neither paid the requisite filing fee for this civil action,[3] nor moved to proceed *in forma*

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. A *pro se* party should also consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.

[2] Stihl Incorporated is a distributor of handheld outdoor power equipment and related products.

[3] The fee for filing a civil action is Four Hundred Two Dollars and No Cents ($402.00).

*pauperis*. Also pending is Plaintiff's Motion for Summary Judgment (Doc. 5) which is due to be denied as premature, and a Notice and Consent to Magistrate Judge jurisdiction (Doc. 9) which will be stricken because it was filed unilaterally and signed by Plaintiff only.

## DISCUSSION

On August 16, 2023, Plaintiff, Evanthony Norman initiated this action by filing a Civil Complaint against Defendants, Sthil (sic) Incorporation, Sthil (sic) Southeast, Inc. and attorney Eric J. Partlow Doc. 1. Although his form Complaint states that jurisdiction is invoked on both federal question and diversity of citizenship grounds (Doc. 1 at 3), the Complaint appears to assert only state-law claims of negligence and products liability. Specifically, Plaintiff seeks compensatory and punitive damages for emotional and physical injuries he suffered because of the malfunctioning of a Sthil (sic) cutting saw that resulted in a fuel cap disengaging. Doc. 1. He alleges that while working on a contracting job for Charlie Brown Hauling and Demolition, Inc., he was using the saw to cut rebar and the fuel cap became slightly ajar causing fuel to leak and catch fire when encountering sparks from the cutting of the rebar. Doc. 1-1. Plaintiff's leg sustained second degree burns as a result. *Id.* Construing *pro se* Plaintiff's Complaint liberally, he asserts claims of negligent manufacture of the saw and failure to warn against the Stihl Defendants. In an amended statement of his claim (Doc. 6), Plaintiff provides additional information regarding product recalls of the saw. Plaintiff does not allege any specific allegations against attorney Partlow.

2

Plaintiff, who is a resident of Dade City Florida, alleges Defendant Sthil (sic) Incorporation is a manufacturing and assembly corporation located in Virginia Beach, Virginia; Defendant Sthil (sic) Southeast is a distributor located in Orlando, Orange County, Florida; and attorney Eric Parlow is located in Tampa, Hillsborough County, Florida.

### A.   Subject Matter Jurisdiction

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking.  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).  The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Plaintiff seeks to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  That section provides that this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* A case "arises under" federal law only when the complaint establishes either that

3

federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (superseded by statute on other grounds). "The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citations omitted). Although Plaintiff's Complaint vaguely references Federal Codes, even a liberal reading does not state any facts indicating that Plaintiff's claims "arise under" federal law.

Plaintiff also alleges diversity of jurisdiction as a basis for the Court's subject-matter jurisdiction. Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1). Review of Plaintiff's allegations reveals the parties are not diverse because he and two of the named Defendants appear to be Florida citizens, and thus diversity jurisdiction is also lacking.

Because Plaintiff's Complaint fails to allege facts giving rise to this Court's subject-matter jurisdiction, Plaintiff is directed to respond to this Order identifying the

basis of the Court's jurisdiction. The Plaintiff will also be given the opportunity to amend his Complaint to remedy the pleading deficiencies.

### B.     Unilateral Notice of Consent

Plaintiff has filed a Notice of Consent to Magistrate Jurisdiction that is signed only by him. Doc. 9. A Consent to Magistrate Jurisdiction requires the signatures of all parties in an action. Plaintiff's unilaterally signed Consent form is therefore due to be stricken.

### C.     Summary Judgment Motion

On September 8, 2023, Plaintiff filed a motion for summary judgment (Doc. 5) and a supplement to his motion (Doc. 10). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Here, Plaintiff has not even served the Defendants with the Complaint. His motion for summary judgment (Doc. 5) is premature, and therefore due to be denied.

### D.    No Filing Fee

To proceed in federal court, Plaintiff must either pay the filing fee or file a motion to proceed in federal court without prepaying fees or costs. Plaintiff has done neither.

Accordingly, it is

**ORDERED:**

1.    Plaintiff is directed to **SHOW CAUSE** as to why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a written response with the Court within **TWENTY-ONE (21) DAYS** from the date of this Order.  Additionally, Plaintiff shall file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order which cures the jurisdictional deficiencies noted herein.  Failure to respond within the time provided will result in the dismissal, without prejudice, of this action without further notice.

2.    If Plaintiff chooses to file an Amended Complaint, he must pay the filing fee for this action or move to proceed *in forma pauperis* within **TWENTY-ONE (21) DAYS** from the date of this order.

3.    The Clerk is **DIRECTED** to send the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" (located at https://www.flmd.uscourts.gov/forms/all/filing-a-case-forms) to Plaintiff, along with a copy of this Order.

6

4. Failure to pay the filing fee or to move to proceed *in forma pauperis,* by filing the Long Form Application, within the time provided when an Amended Complaint is filed will result in the dismissal of this action, without prejudice and without further notice.

5. The Clerk is directed to **STRIKE** the unilateral Consent Form (Doc. 9) signed by Plaintiff only.

6. Plaintiff's Motion for Summary Judgment (Doc. 5) is **DENIED** as premature.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Plaintiff, *pro se*

7