UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANTHONY R. NORMAN,
    Plaintiff,
v.                                    Case No. 8:23-cv-1844-CEH-TGW

STHIL SOUTHEAST INC.,
Distributor, and
ERIC J. PARTLOW,
    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 14), seeking a waiver of the filing fee for his amended complaint which alleges that a defective fuel cap on a Stihl saw became ajar during the plaintiff's operation of the saw and resulted in a fire that burned his legs (Doc. 13, p. 4).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). The plaintiff has not stated a cognizable complaint because he does not show that the court has jurisdiction over this matter and that he is entitled to relief. See Rule 8, F.R.Civ.P.

The plaintiff asserts in the amended complaint, as he did in the original complaint, that a malfunctioning Stihl saw caused a fire that resulted in second degree burns to his leg (Doc. 13, p. 4). As summarized by United States District Judge Charlene Edwards Honeywell in an Order addressing the original complaint:

> ... Plaintiff seeks ... damages for ... injuries that he suffered because of the malfunctioning of a Sthil (sic) cutting saw that resulted in a fuel cap disengaging. He alleges that while working on a contracting job for Charlie Brown Hauling and Demolition, Inc., he was using the saw to cut rebar and the fuel cap became slightly ajar causing fuel to leak and catch fire when encountering sparks from the cutting of the rebar. Plaintiff's leg sustained second degree burns as a result.

(Doc. 11, p. 2) (citations omitted).

With respect to the court's jurisdiction, U.S. District Judge Honeywell stated that "the Complaint appears to assert only state-law claims of negligence and products liability," and that diversity jurisdiction was not properly asserted in the complaint (Doc. 11, pp. 2, 4). Consequently, the plaintiff was ordered to, among other things, file an amended complaint that articulates a cognizable basis for the court's subject matter jurisdiction (id., pp. 4-5).

The plaintiff's amended complaint is based on the same factual allegations as the original complaint, but he omits as a defendant manufacturer Stihl Corporation (Doc. 13, p. 2). Additionally, the amended complaint alleges only federal question subject matter jurisdiction. Specifically, the plaintiff lists the following as the grounds for the court's jurisdiction:

| | |
|---|---|
| Federal Legislative Statutes of Florida | Federal Treaties of United States Constitution |
| Government rules defense | Consumer Safety Act Regulations |
| Consumer Protection | Consumer Safety Standards |
| Unlawful acts and practices | Commission Code of Regulations |
| Civil Penalties | Civil Penalty Factors |

(Doc. 13, p. 3; see also id., p. 5).

Even construing the pro se plaintiff's claims liberally, this list—primarily comprised of legal terms and buzz phrases—clearly does not show federal subject matter jurisdiction over this matter. Thus, the plaintiff does

3

not list a specific applicable federal statute or regulation, much less allege facts supporting such a violation. See Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998) (Based on the well-pleaded complaint rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.); see also Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (The pleading must include sufficient facts from which there are "plausible grounds to infer" the required elements of each claim.).

Furthermore, I reviewed the plaintiff's "Amended Statement Response Notification" (Doc. 12) (which appears to be the plaintiff's response to the court's Order to Show Cause (Doc. 11)). The plaintiff identifies specific statutes in that document, but none is a cognizable basis for this lawsuit. The plaintiff refers to 15 U.S.C. 45; 15 U.S.C. 1681o; and 18 U.S.C. 1505 (id., pp. 1, 2, 8) which, respectively, pertain to unfair competition, consumer credit protection, and criminal penalties imposed for evading a civil investigative demand. They are irrelevant to the factual allegations in the amended complaint.

Additionally, no specific allegations of wrongdoing by defendant Partlow are apparent in the amended complaint (see Doc. 13). United States District Judge Honeywell pointed out this deficiency in the

4

original complaint (Doc. 11, p. 2), and the plaintiff has failed to rectify it.

In sum, the plaintiff's conclusory and vague assertions of federal law violations against defendant Stihl Southeast are wholly inadequate, and no specific allegations of wrongdoing by attorney Partlow are evident in the amended complaint. Therefore, the plaintiff's amended complaint fails to cure the deficiencies noted in the court's Order (Doc. 11) and the plaintiff has failed to meet his burden to show that the court has jurisdiction over this matter against either defendant. See Whitt v. Sherman Int'l Corp., supra, 147 F.3d at 1329; Watts v. Florida International University, supra, 495 F.3d at 1295-96.

Moreover, when a pro se plaintiff has been given the opportunity to remedy the pleading deficiencies and has not done so, the court may dismiss the complaint without leave to file a second amended complaint. See Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend his complaint.); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("[J]ustice does not require district courts to waste their time on hopeless cases, [and] leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."). The plaintiff has been given

5

that opportunity\* and has not remedied the pleading deficiencies. Furthermore, an additional opportunity to amend his complaint appears futile. Consequently, I recommend that the amended complaint be dismissed without leave to file a second amended complaint, and the case closed. See 28 U.S.C. 1915(e)(2)(B)(ii); Mizzaro v. Home Depot, Inc., supra, 544 F.3d at 1255; Silva v. Bieluch, supra, 351 F.3d at 1048-49.

> Respectfully submitted,
>
> *[signature: Thomas G. Wilson]*
>
> THOMAS G. WILSON
> UNITED STATES MAGISTRATE JUDGE

DATED: January 10, 2024.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C.

---

\* Notably, the plaintiff also had three opportunities to rectify the same deficiencies in Norman v. Stihl SouthEast, Inc., 8:23-cv-1205-SDM-AAS. In Norman, the plaintiff asserts the same allegations of wrongdoing against the same defendants (Doc. 6). Norman is pending dismissal because, among other deficiencies, the amended complaint does not state a basis for federal jurisdiction (see Docs. 5, 10, 16). This circumstance underscores that the plaintiff has been given ample opportunity to state a basis for federal jurisdiction as to these claims, and that further opportunity for amendment in this case is not warranted.

6

636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.